Henby Epstein, J.
This is an article 78 proceeding to direct the respondent to issue a certificate of authority to petitioner to do business in the State of New York pursuant to section 212 of the General Corporation Law.
The petitioner is a corporation organized under the Laws of the Territory of Virgin Islands.
The respondent urges that the use of the word “ psychology ” in petitioner’s name constitutes the use of such word in a title or description of services without qualification under article 153 of the Education Law of the State of New York, and therefore petitioner cannot qualify to do business in this State as long as it maintains this name.
The petitioner contends that article 153 is not applicable to corporations and, furthermore, refers only to services and not to sales.
As I read the pertinent sections of this article, section 760:2 limits the certification to individuals. Corporations or other persons, as defined under section 6801, cannot be certified. Section 7608 prohibits any person not a certified psychologist from representing himself to be a psychologist in the manner defined in section 7601. “Person” includes individual, partnership, corporation and association (§ 6801).
Words of masculine gender include the neuter and may refer to corporations (General Construction Law, § 22).
The work contemplated by the petitioner comes within the scope of services rendered, as distinguished from sale of a commodity.
I therefore hold that the word “ psychology ” in petitioner’s corporate name is contrary to the spirit and intent of article 153 of the Education Law, and that respondent was clearly within her right in refusing to issue a certificate of authority to do business in this State.
Petitioner also claims that it is entitled to the certificate of authority as a reorganized successor of the Illinois corporation, which latter corporation had been issued a certificate of authority to do business in this State in 1955, in accordance with section 9 of the General Corporation Law.
In opposition to this phase of the relief requested, respondent states that there are no facts alleged in the petition showing that an actual reorganization involving the petitioner and the Illinois corporation ever became effective within the scope of the Laws of the Territory of the Virgin Islands or the State of Illinois, and that since there are no facts alleged in the peti *881 tian showing that an actual dissolution of the Illinois corporation ever became effective within the purview of the laws of that State, the application of the petitioner as a reorganized successor of the Illinois corporation for a certificate of authority to do business in the State of New York was, for such reasons, denied.
For the reasons stated by the respondent, the application under section 9 of the General Corporation Law was properly denied. However, petitioner should have the opportunity to comply with the requirements under said statute.
Accordingly, the application is denied and the petition is dismissed as to the first phase of- the application, and the petition dismissed as to the second phase of the application without prejudice to a further proceeding, if reapplication, upon additional facts, under section 9 of the General Corporation Law is improperly denied by respondent.